IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                            No. 1:16-CR-1975 WJ

MARC WREN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

THIS MATTER IS BEFORE THE COURT on Defendant Marc Wren's *pro se* Motion for Compassionate Release (**Doc. 44**). The Court, having reviewed Defendant's brief and considered the applicable law, finds that the Motion is not well-taken and is therefore **DENIED**.

## BACKGROUND

In 2017, Defendant pleaded guilty to possession with intent to distribute methamphetamine and was sentenced to 87 months imprisonment. (Doc. 42.) Defendant cites his 52 years of age, "hepatitis C/liver disease," and the ongoing COVID-19 pandemic as grounds for his request. (Doc. 44 at 2.) He asks both for supervised release and home confinement. (*Id.* at 4.)

## DISCUSSION

"Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). To

justify the type compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.*

That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement).[1] To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61, and appeal a denial pursuant to § 571.63. *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated with no action by the warden, a district court is empowered to consider the prisoner's § 3582(c)(1)(A) motion.

Here, Defendant has not provided any evidence, or indeed, even pleaded, that he has exhausted his administrative remedies. Even construed liberally, as *pro se* pleadings must be, there is nothing on the record before this Court that would empower it to consider Defendant's request. As explained above, the language of § 3582(c)(A)(1) plainly requires that a defendant exhaust his administrative remedies before seeking relief in the district court. As noted by the Tenth Circuit in a very recent unpublished opinion, those remedies are initiated by filing a compassionate release request with the warden. *See United States v. Springer*, No. 20-5000, 2020

---

[1] Courts appear split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule. *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases). The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such. Many other courts in this Circuit have concluded likewise. *See, e.g., United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020). However, even assuming the requirement is a claims-processing rule, the Court would nonetheless deny Defendant's Motion on the grounds that he has not shown that he has ever initiated a compassionate release request with his facility.

WL 3989451, at *3 (10th Cir. July 15, 2020).  Because there is no evidence that Defendant has initiated, let alone exhausted his administrative remedies, Defendant cannot file for relief directly with this Court.  *See, e.g., United States v. Blevins*, 2020 WL 3260098, *3 (S.D. Miss. June 16, 2020) ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute.") (citation omitted)).

Additionally, this Court has no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement.  *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016))); *Read-Forbes*, 2020 WL 1888856, at *4 (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)).  Because Defendant has not shown that he has exhausted his administrative remedies, the Court is precluded from granting his request for release.  Accordingly, the Court does not reach the merits of Defendant's compassionate release request.

Also, as to Defendant's request for home confinement, this Court has no authority to order the Federal Bureau of Prisons ("BOP") to release Defendant to this type of custody.  It is well-settled law that a prisoner has no constitutional right to confinement in a particular place, including confinement at home.  *See McKune v. Lile*, 536 U.S. 24, 39 (2002).  BOP retains complete discretion to determine where federal prisoners are housed.  *See* 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (*citing Moresco v. United States*, No. 92-1108, 1992 WL 372399, at *2 (10th Cir. Dec. 10, 1992) (unpublished)).

Here, Defendant does not cite any particular statutory basis for release to home confinement. However, the Court construes his request under 18 U.S.C. § 3624(c)(2), which authorizes BOP to place certain prisoners in home confinement. But the unambiguous language in § 3624(c)(2), as modified by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020), specifies that BOP—and only BOP—is statutorily authorized to release prisoners to home confinement. *See United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 2836991, at *1 (D. Kan. June 1, 2020). Defendant's request would alter only where he is incarcerated, not his term of incarceration. Accordingly, because the Court lacks authority to designate the place of a prisoner's incarceration, the Court must deny Defendant's request for release to home confinement.

## CONCLUSION

The Court is not unsympathetic to Defendant's health problems, nor is it ignorant of the impacts of the COVID-19 pandemic on the prison population. However, for all the foregoing reasons, Defendant's Motion for Compassionate Release (**Doc. 44**) is **DENIED**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE